**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DAVID MCGUIRE;** <br> **MCGUIRE SERVICES, LLC;** <br><br> Plaintiffs, <br><br> v. <br><br> **CLARIBEL HERNÁNDEZ;** <br> **CH GROWTH & COMMUNITY, LLC** <br><br> Defendants. | **CIVIL NO.:** _____ <br><br> **RE:** <br><br> *COMPUTER FRAUD AND ABUSE ACT-* 18 U.S.C. § 1030, *INJUNCTIVE RELIEF; STORED COMMUNICATIONS ACT—*18 U.S.C. §§ 2701 & 2707 |

**COMPLAINT**

**TO THE HONORABLE DISTRICT COURT:**

**COME NOW Plaintiffs**, David McGuire, McGuire Services, LLC; and ("Plaintiffs"), through the undersigned counsel, and respectfully states and prays to this Honorable Court as follows:

**I.    INTRODUCTION**

This lawsuit arises from a gross deliberate action to disrupt and affect the business operations and personal dealings from the Plaintiffs'. Once an independent contractor for McGuire Services, LLC ("MSLLC"), Ms. Claribel Hernández ("Ms. Hernández" or "Defendant Hernández") and/or CH Growth Community, LLC ("CH Growth") and/or Claribel Hernandez Consulting, LLC ("CH Consulting") (jointly referred to as "Defendants"), As part of its business-management and advisory services performed from Puerto Rico, Plaintiff remotely administered system access and configuration to support U.S. business engagements, where individual users—including Defendant Hernández—were assigned business-use email accounts and overseen by Plaintiff. Prior and/or immediately before and after Defendants consultancy termination date, defendant proceeded to intentionally download, delete and withhold almost two thousand one hundred thirty nine (2,139) essential electronically stored business and/or personal records to deliberately inflict business harm

to the Plaintiffs business, and personal dealings. These actions were deliberate and calculated to cause harm to Plaintiff's business operations and personal affairs. Defendants abused and exploited their access to the Plaintiff's electronically stored business and/or personal records to destroy valuable corporate history, important business related documents, which they had specific knowledge were necessary for Plaintiffs' ongoing business, financial, compliance requirements, litigation, regulatory compliance, among other legitimate business purposes. As of this date, internal Forensic Analysis executed by the Plaintiffs has confirmed the mass deletions by Ms. Hernández and/or CH Growth, which are clearly evidence in the company's electronic network that included business and personal financial information.

As direct consequence and through the concerted acts of the Defendants, Plaintiffs have lost full access to vital information and records consisting of no less than two thousand one hundred thirty nine (2,139) files, including, financial documentation, business records and other documents that are critical for its business continuity, regulatory compliance and adequate corporate governance. Despite efforts to request the return of the misappropriated data---Ms. Hernández and/or CH Growth have refused to return the same. Defendants violated federal statutes, including the Computer Fraud and Abuse Act and the Stored Communications Act.

Plaintiffs have no more adequate alternative than to seek the intervention of this Honorable Court not only to seek damages, but to request immediate injunctive relief the return of the wrongfully withheld electronically stored records, and complete accountability for the deliberate and unlawful destruction of corporate and personal data.

## II.   JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action because it arises under the 28 U.S.C. § 1331 and involves claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. §§ 2701 & 2707, related to computer fraud, unauthorized access to electronic communications, and other tortious conduct occurring within this jurisdiction.

2. Venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) because the acts and omissions giving rise to this action occurred substantially within this jurisdiction. The causes of actions alleged in this Complaint arose and accrued in Puerto Rico.

3. All conditions precedent to the filing of this Complaint, if any, have been performed, have occurred, or have been waived.

### III. PARTIES

1. **Plaintiff David McGuire:** An individual of legal age, Managing Member of McGuire Services, LLC, and resident of Puerto Rico, with principal business service address of 53 Calle Palmeras, Suite 601, San Juan, PR 00901 using telephone (939) 993-3973.

2. **Plaintiff McGuire Services, LLC ("MSLLC"):** A limited liability company duly organized and existing under the laws of Puerto Rico, with principal business service address of 53 Calle Palmeras, Suite 601, San Juan, PR 00901. MSLLC is a Puerto Rico limited liability company providing independent professional consulting services to U.S. based entities. All professional services are performed from Puerto Rico.

3. **Defendant Claribel Hernández:** An individual of legal age, consultant and resident of San Juan, Puerto Rico at 1619 Calle Antonsanti, 14, San Juan, PR 00912. Defendant Claribel Hernández, under a professional services contract, formerly provided consulting services to MSLLC and had access to company network and ordinary course of business documents and/or electronic records, including business records, email accounts, business records, and/or other information through the company's network. Defendant Hernández is the sole owner of CH Consulting and CH Growth.

4. **Defendant Claribel Hernández Consulting LLC ("CH Consulting"):** A limited liability company duly organized and existing under the laws of Puerto Rico, with its principal blasé of business at 1212 Luchetti Apt. 601, San Juan, PR 00907. CH Consulting was used by Defendant Hernández as a vehicle for invoicing and receiving payments from MSLLC from July 2023 to January 2025.

5. **Defendant CH Growth & Community LLC ("CH Growth"):** A limited liability company duly organized and existing under the laws of Puerto Rico, with its principal place of business at 1619 Calle Antonsanti, 14 San Juan, PR 00912. CH Growth was used by Defendant Hernández as a vehicle for invoicing and receiving payments from MSLLC from February 2025 until May 2025.

## IV. RELEVANT FACTS

1. As part of its ordinary and highly regulated business operations, MSLLC maintains confidential business information, trade secrets, and other proprietary data on its computer systems and electronic storage platforms, including OneDrive.
2. MSLLC is engaged in business-management and regulatory-compliance consulting operating from Puerto Rico to serve U.S. clients.
3. MSLLC operate its businesses in a highly regulated space that requires particular emphasis on document preservation and regulatory compliance.
4. On or around July 2023, Defendant Hernández personally and/or Claribel Hernandez Consulting and/or through CH Growth was retained by MSLLC to provide consulting services from her Puerto Rico companies.
5. Since on or around July 2023, until the termination of her consulting agreement on May 12, 2025, Defendant, Ms. Hernández provided services to MSLLC as an independent consultant.
6. Ms. Hernández was never contracted by MSLLC as an employee.
7. Defendant Hernández invoiced MSLLC for her services through her entities, CHC and CFH, and received compensation in the form of monthly payments.
8. During her contractual relationship with Plaintiff, Defendant Hernández's personal electronic device was enrolled in the company's secure system. Enrollment required acceptance of the standard device-management terms that authorize the organization to administer security settings and enforce data-protection measures. Defendant Hernández accepted those terms, giving Plaintiff the authority to apply its information-security controls to that device.
9. During her engagement, Defendant Hernández was also granted access to OneDrive platform, which contained sensitive business information, client data, for MSLLC and Mr. McGuire personally, which included Mr. McGuire's insurance information, financial and other confidential and privileged records for Mr. McGuire.
10. During her engagement with Plaintiff, Defendant Hernández used a company-issued email account for official communications. The account was managed under Plaintiff's internal controls and policies and used solely for authorized work. All information exchanged

through it was treated as confidential business material that Defendant Hernández was obligated to protect.

11. On May 12th and 13th, 2025, the Defendant Hernández and/or CH Growth intentionally and maliciously deleted over 2,139 files from OneDrive platform.

12. Specifically, between May 12-13, 2025, and immediately after the contractual relationship with MSLLC had been terminated, and as internal forensic analysis from the network shows, Defendant Hernández **executed ~2,139 deletions** (approximately 225 files on May 12, 2025, and 1,914 on May 13, 2025) from cloud storage. This mass deletion of business records and electronically stored information targeted **thousands of business documents** – including internal corporate policies, legal files, and even Mr. McGuire's personal files of which were medical, insurance, banking, and passport. The deletions were not random; they came in concentrated bursts during work and off-hours.

13. The forensic logs, as obtained from the company's network, in possession of MSLLC show that these deletions were performed from **two distinct networks**: Defendant Hernández's home internet connection and MSLLC's Puerto Rico office network. In other words, Defendant Hernández utilized her personal **laptop from her home IP to carry out mass deletions.**

14. Crucially, the forensic data obtained from the MSLLC's internal audit of its network trail confirms that **synchronization activity (downloaded) of files before deleting** them. **Full-file sync events preceded the deletion events on the same file.** In effect, Defendant Hernández **exfiltrated data (made local copies)** and then erased the originals from systems. This indicates the motive was not just to harm us by deletion, but also to **retain our proprietary information for potential ransom.**

15. Defendant Hernández specifically targeted legal, corporate policies, her own consultancy company invoices, engagement agreements from her multiple consultancy companies, Mr. McGuire's personal medical files, usernames, passport, his bank statements and other compliance records Mr. McGuire require. in her mass deletion endeavors.

16. The Defendant continues to retain proprietary data as well as refuses to return all electronic equipment that belongs to the Plaintiffs.

17. A review of the audit logs also reveals that Defendant Hernández also targeted sensitive personal and medical information. Some of the deleted files triggered content protection

flags (e.g. containing medical or personal HR data). This raises additional concerns (possible exposure of personal identifiable information or even HIPAA-regulated data), which creates significant risk for Mr. McGuire. Note that such exposure was contained to internal records of Plaintiffs, not third parties.

18. Finally, after the mass deletion took place, and to conceal her grossly illegal conduct, our audit logs and internal investigation reveals that Defendant Hernández received a receipt/email from a "data deletion" or wiping service (around May 16, 2025). This implies that Defendant Hernández took affirmative steps to **wipe traces from her own electronic devices**. Specifically, Ms. Hernández wiped her device in a Best Buy store located in the state of New York. his action, documented by Defendant Hernández's May 16, 2025 'Data Deletion' receipt from a third-party provider, reflects the intentional removal of company-managed data following termination.

19. MSLLC has preserved detailed **audit logs, internal forensic reports from the company's network, and timelines** documenting all the above allegations. For illustrative purposes, unified log exports show the exact timestamps, file paths, and device/IP addresses for each download and deletion event. These will be available for any legal or law-enforcement review

20. Upon the termination of the contract with MSLLC, Defendant Hernández and/or CH Growth have illegally retained confidential and proprietary data from MSLLC and Mr. McGuire. The Defendants continue to decline to return the data and documents.

21. As of this date, Defendant Hernández have forced MSLLC to incur in thousands of dollars in legal fees and caused MSLLC serious business interruptions.

22. As a direct consequence of Defendant Hernández's mass deletion efforts, Plaintiffs are now without a record of no less than 2,139 company records, including financial information and Mr. McGuire's compliance related documents. Defendant's deletions disrupted McGuire Services' ability to handle its business operations adequately and without record uncertainty.

23. The estimated damages to date for this event have cost the Plaintiffs no less than $500,000.00 This includes, but is not limited to commercial damage, loss of revenue and opportunities as well as forensic review.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**A. Violation of the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030)**

1. The allegations set forth in paragraphs 1-27 of the Complaint are fully incorporated here.

2. At all times relevant to this Complaint, at all times relevant to this Complaint, the company-issued business email account assigned to Defendant for official communications was hosted on a cloud-based electronic-mail service. This cloud-based email services constitutes a "protected computer" under 18 USC § 1030 (e)(2)(B) because it is a "computer" used in and affecting interstate and foreign commerce and communication. The platform operates through a globally distributed network of servers and data centers, transmitting, storing and granting access to electronic communications across state lines and international borders. Such infrastructure enables business correspondence, file exchanges, contract negotiations, and coordination between entities located in different states and countries to commercial operations that extend beyond local or state boundaries, The global and interstate nature of this service satisfies the statutory criteria of a "protected computer" under 18 USC § 1030 (e)(2)(B).

3. On or about, May 1, 12-13, 2025, Defendant Hernández and/or CH Growth knowingly and willfully conspired to violate 18 USC § 1030 (a)(5)(B) and the associated provisions of § 1030 (b) and § 1030 (c)(4)(A)(i)(I). Specifically, Defendants agreed to and did intentionally accessed the company-issued business email account without authorization for the purposes of downloading, and deleting emails and files, including sensitive company information, financial information and business records. As of this date, MSLLC has identified no less than 2,139 deleted files.

4. It was further known by Defendant Hernández that such unauthorized access and mass deletion would result in damages to Plaintiffs, each a "person" as defined under 18 U.S.C. § 1030 (e)(12), having sustained losses in excess of $5,000 during a one-year period, as defined by 18 U.S.C. § 1030 (c)(4)(A)(i)(I). These losses include disruption of MSLLC operations, forensic investigation, legal costs, and restoration expenses. Defendant's actions violated 18 U.S.C. § 1030 (a)(5)(B) and 1030 (b), 1030 (c)(4)(A)(i)(I), and 1030 (g). As a result of Defendant's unlawful conduct, the Plaintiffs have suffered damages in

an amount of no less than $500,000.00 and hereby seek compensatory damages in that amount, along with any further relief.

5. Defendants violated the CFAA by intentionally accessing MSLLC's protected computer systems, including its cloud-based storage platform, without authorization or exceeding authorized access, and knowingly causing the transmission of a program, information, code, or command, and because of such conduct, intentionally caused damage and loss.
6. Defendants' actions caused damage and loss to Plaintiffs, as defined in the CFAA, including costs associated with investigating and remediating the unauthorized access, data recovery, and mitigation of business disruption.
7. As a direct and proximate result of Defendants' violation of the CFAA, Plaintiffs are entitled to damages, including compensatory damages, attorney's fees, and costs of no less than $500,000.00

## SECOND CAUSE OF ACTION

**B. Computer Fraud and Abuse Act—18 U.S.C. § 1030—Injunctive Relief**

1. The allegations in all paragraphs of the Complaint are fully incorporated herein.
2. Plaintiffs are likely to success on the merits because the Defendants actions constitute unauthorized deletion of corporate records. Evidence, including forensic audit logs from Plaintiff's systems, demonstrates the deletion of company data from Defendant Hernández's company-issued business email account and related devices. The evidence in possession of MSLLC strongly supports claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Plaintiffs have clearly established that the deleted emails were corporate and personal property and that the Defendants acted without authorization to execute a mass deletion of no less than 2,139 electronically stored records, that included sensitive corporate information, financial information and other business documents.
3. Absent preliminary relief, Plaintiffs are likely to suffer irreparable harm. The deleted records include communications and files critical to MSLLC adequate business operations. Their continued absence compromises the entity's ability to adequately operate.
4. The balance of equities clearly favors the Plaintiffs, who seek only to preserve and restore company records wrongfully deleted or withheld.
5. Granting an injunction in this case serves the public interest by reinforcing the public policy related to the protection of digital company records and other electronically stored information.

It ensures that individuals cannot unilaterally destroy or withhold corporate data to the detriment of legitimate business interests.

6. In view of the foregoing, and pursuant to 18 U.S.C. § 1030 (g), Plaintiffs respectfully request that this Honorable Court issue an order compelling Defendant Hernández and/or CH Growth to return or restore to Plaintiffs all company emails, documents, and business records deleted or retained from Plaintiff's systems and to refrain from any further access to Plaintiff's protected computers, as well as any other records in Defendants possession, custody or control that were downloaded and deleted from a "protected computer" belonging to Plaintiffs within the meaning of the CFAA, including but not limited to email accounts, internet-connected computers, computers, servers and smartphones used for corporate purposes.

## THIRD CAUSE OF ACTION

### C. Violation to the Stored Communications Act—18 U.S.C. §§ 2701 and 2707

1. All the allegations included in the preceding paragraphs of the Complaint are fully reincorporated herein.

2. At all relevant times, Defendant Hernández's company-issued business email account was hosted through a cloud-based electronic-communication service that qualifies as a facility through which's cloud-based email service is a facility through which "electronic communication services" are provided, as defined by 18 U.S.C §2510 (15), in that it allows users to send, receive and store emails, which constitutes wire and electronic communications.

3. On or about May 1 and 12–13, 2025, Defendants intentionally accessed that account and Plaintiff's cloud network without authorization to download and delete emails and files, including sensitive company information and financial data. The emails and files were deleted while stored in electronic storage, a facility through which electronic communications are provided. At the time of the mass deletion of no less than 2,139 files. Accordingly, the deleted emails and files were in "electronic storage' within the meaning of 18 U.S.C. § 2510 (17) because they were stored by an electronic communication service for purposes of backup protection.

4. Defendants willful and unauthorized conduct has caused Plaintiffs, each a "person" as defined under 18 U.S.C. §2510 (6), to incur significant damages, including costs related to investigation of the scope of the mass deletion of files, conducting an internal audits and/or

assessments related to the impact on business operations and attempting to recover or restored deleted materials.

5. Defendants conduct constitutes a violation of the Stored Communications Act, 18 U.S.C. §§ 2701 & 2707. As a result of Defendant's violations, Plaintiffs seek compensatory damages in the amount of no less $500,000.00 for each party and punitive damages of no less than $500,000.00 for each party, as authorized by 18 U.S.C. § 2707 (c).

## FOURTH CAUSE OF ACTION

### D. Stored Communications Act—18 U.S.C. §§ 2701 & 2707—Injunctive Relief

1. All of the allegations set forth in the preceding paragraphs of the Complaint are fully reincorporated herein.

2. Plaintiffs are likely to succeed on the merits because the Defendants' actions constitute the unauthorized mass deletion and withholding of company business records and electronic communications. The internal audit logs from MSLLC's company network demonstrate the mass deletion and strongly support the claims averred under the Stored Communications Act, 18 U.S.C. §2701. Plaintiffs have clearly established that the deleted emails and company business records, including financial documents, were corporate property stored within a system providing electronic communication services and that the Defendants acted without prior authorization to execute a mass deletion.

3. Absent preliminary relief, Plaintiffs are likely to suffer irreparable harm. The deleted documents include sensitive business information, including HR documents, legal documents, financial information and other business-related documents from Mr. McGuire. Without immediate injunctive intervention, the harm to Plaintiffs will continue.

4. The balance of equities weighs heavily in favor of Plaintiffs. MSLLC and Mr. McGuire seek to recover access to business and personal records to which they are lawfully entitled, and which are necessary for responsible corporate governance and all types of business compliance. Defendants, by contrast, face no legitimate damages from returning business records that they illegally took.

5. Granting the requested injunction serves the public interest by promoting corporate accountability, protecting stored communications and enforcing federal laws related to computer fraud and abuse.

6. For these reasons, and pursuant to 18 U.S.C. § 2707 (b)(1), Plaintiffs respectfully requests that this Honorable Court issue an order compelling Defendants to return or restore all deleted business emails, records, and files previously stored in the company-issued business email account and to refrain from further interference with Plaintiff's electronic-communication systems.

## V. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs David McGuire, McGuire Services, LLC, respectfully request that this Honorable Court (i) take notice of the foregoing; (ii) grant a trial by jury on all issues triable before a jury; and (iii) grant the following relief:

1. **Injunctive Relief:**
   - An order immediately restraining Defendants Claribel Hernández, CH Growth and all persons and/or entities acting in concert with them, from any further access to Plaintiffs' computer systems, data, and electronic communications.
   - An order compelling Defendants to immediately return all data and information obtained from Plaintiffs' systems, including all electronic devices and media containing such data.
   - An order requiring Defendants to provide a full accounting of all access to Plaintiffs' systems, including dates, times, specific information accessed, and any dissemination of such information to third parties.

2. **Damages:**
   - Compensatory damages to compensate Plaintiffs for all losses and damages sustained because of Defendants' actions, including but not limited to:
     - Data retrieval costs
     - Legal fees
     - Forensic examination expenses
     - Disruption of business operations

11

- Lost profits
- Damage to reputation
- Lost business opportunities
  - Punitive damages as permitted by law, to punish Defendants for their willful and malicious conduct.
  - Attorneys' fees and costs incurred in bringing this action.
  - 

3. **Other Relief:**
   - A declaratory judgment that Defendants violated the CFAA and the SCA.
   - Such other and further relief as the Court may deem just and equitable.

WE HEREBY CERTIFY that on this date, the foregoing was electronically filed with the Clerk of the Court using CM/ECF System, which will send notifications of such filing to counsel of record.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 31st day of October 2025.

**CARLOS J. SAGARDÍA-ABREU**
*Attorney for the Plaintiffs*
1353 Ave. Luis Vigoreaux PMB 678
Guaynabo, PR 00966
Tel. (787) 360-7924
Email: cjsa@strategialegalepr.com
         carlos.sagardia@gmail.com

By: s/*Carlos J. Sagardía-Abreu*
    Carlos J. Sagardía-Abreu
    USDC PR No. 227510

12